```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
                                         :
ROBERT McGRAW,                           :
                     Petitioner,         :
                                         :    09 Civ. 8541 (DLC)
          -v-                            :
                                         :    OPINION & ORDER
WILLIAM LEE,                             :
                     Respondent.         :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Petitioner:
Robert McGraw, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

For Respondent:
Thomas B. Litsky
New York State Attorney General's Office
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

Robert McGraw ("McGraw") brings this timely filed pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction following a jury trial on the charge of robbery in the first degree.  The petition was referred to the Honorable Frank Maas for a report and recommendation (the "Report") on October 20, 2009.  The Report was filed on April 27, 2011, and recommends that the petition be denied.  McGraw's objections to the Report were received on June

24, 2011.  For the following reasons, the Report is adopted and the petition is denied.

## BACKGROUND

The facts relevant to the petition are set out in detail in the Report and are summarized here.  On November 14, 2002, McGraw entered a corporate cafeteria on the seventh floor of 300 Park Avenue in Manhattan and displayed a handgun.  He grabbed cash that was being counted by an employee in the cafeteria office and took additional money from an unlocked office safe before fleeing the building.  After the police made available a digital photograph of the robber that was retrieved from a surveillance camera, a tip to the "Crimestoppers" hotline led to McGraw's arrest on December 10, 2002.

McGraw's first trial ended in a mistrial in February 2004. During the initial round of jury selection for McGraw's second trial, McGraw's lawyer Paul Martin ("Martin") raised an objection under Batson v. Kentucky, 476 U.S. 79, 89 (1986), when the prosecutor struck two Hispanic and three African-American jurors.  After the prosecutor represented that he had struck the jurors based on their education level or their prior involvement with the criminal justice system, the trial court ruled that the prosecution's non-discriminatory justifications were non-

pretextual and therefore denied the defense's Batson application.

During McGraw's second trial, three eyewitnesses to the robbery and an elevator operator identified McGraw as the perpetrator.  The defense called Michelle Freeman, a neighbor of McGraw's brother's girlfriend, as an alibi witness; she testified that she saw McGraw outside her home in Philadelphia at the time of robbery.  The prosecution called McGraw's original lawyer, Barry Apfelbaum ("Apfelbaum") as a rebuttal witness.  Apfelbaum testified that before McGraw was indicted, Apfelbaum had represented to the prosecution, based on information provided to him by McGraw, that during the robbery McGraw was at work elsewhere in Manhattan.[1]

The jury convicted McGraw on one count of robbery in the first degree.  The trial court found McGraw to be a persistent violent felony offender and sentenced him to an indeterminate term of twenty-five years to life imprisonment.  McGraw appealed his conviction to the Appellate Division on five grounds:  (1) Apfelbaum's rebuttal testimony improperly undermined McGraw's alibi defense; (2) Apfelbaum was ineffective because he withdrew

---

[1] When Apfelbaum notified the prosecution of McGraw's change in alibi, the prosecutor indicated that he intended to call Apfelbaum as a rebuttal witness.  Apfelbaum subsequently withdrew as McGraw's attorney and McGraw was represented by new counsel at his second trial.

from the case to testify as a prosecution witness; (3) the prosecutor improperly bolstered his witnesses' testimony by adducing evidence of prior eyewitness identifications and by eliciting a police detective's opinion that McGraw was the robber depicted in the surveillance photographs; (4) the jury's verdict was against the weight of the evidence; and (5) McGraw's sentence violated the Sixth and Fourteenth Amendments because a judge, rather than a jury, determined McGraw's status as a persistent violent felony offender.  On May 8, 2007, the Appellate Division unanimously affirmed the conviction.  People v. McGraw, 836 N.Y.S.2d 35 (1st Dep't 2007).  The New York Court of Appeals denied leave to appeal on August 22, 2007.  People v. McGraw, 9 N.Y.3d 878 (2007).

    On August 18, 2008, McGraw moved pro se pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate his conviction on the ground that he received ineffective assistance of counsel because:  (1) his first lawyer, Apfelbaum, failed to request a hearing pursuant to Dunaway v. New York, 442 U.S. 200 (1979), to determine whether there was probable cause for McGraw's arrest; and (2) his second lawyer, Martin, failed to pursue the Batson claim raised during the initial round of jury selection at the second trial.  On February 11, 2009, the trial court denied McGraw's motion on procedural grounds pursuant to §

4

440.10(2)(c), reasoning that McGraw's claims were not raised as part of his appeal to the Appellate Division.  In addition, the trial court noted that McGraw had not met the due diligence standard pursuant to § 440.10(3)(a) because he waited three years to bring his motion and offered no explanation for the delay.  The Appellate Division denied McGraw's application for leave to appeal the trial court's decision on July 28, 2009.

McGraw filed this pro se petition on October 7, 2009, challenging his conviction on six grounds:  (1) that his sentence violates the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 566 (2000), because a judge, rather than a jury, determined his status as a persistent violent felony offender; (2) that several eyewitnesses were improperly permitted to bolster their in-court identifications through testimony concerning prior identifications; (3) that the conviction was against the weight of the evidence; (4) that his first attorney, Apfelbaum, provided ineffective assistance because he failed to request a Dunaway hearing; (5) that his second attorney, Martin, was ineffective because he failed to pursue a Batson claim during jury selection; and (6) that the prosecution improperly introduced, through the testimony of Apfelbaum, evidence that McGraw initially gave an alibi inconsistent with the alibi that he presented at trial.

On June 4, 2010, the respondent filed its opposition to McGraw's habeas petition.  McGraw submitted his reply on July 23.  On April 27, 2011, Magistrate Judge Maas filed his Report.  The respondent argued in its opposition that many of McGraw's claims are barred by threshold issues of exhaustion or procedural default; the Report does not address these arguments, but instead examines the merits of all claims raised by McGraw and recommends that the petition be denied.  By Order of May 18, McGraw was granted an extension of time to file objections to June 17.  McGraw's objections were received on June 24.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted).  De novo review is required before a district court can adopt those portions of a report to which a petitioner has objected.  28 U.S.C. § 636(b)(1)(C).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review § 2254 petitions where the state court has reached the merits of the federal claim.  Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

I.   Apprendi

McGraw complains that his sentence under New York's persistent violent felony offender statute, New York Penal Law § 70.08, was unconstitutional because his status as a persistent violent felony offender was determined by a judge rather than a jury.  The Appellate Division concluded that this claim was both unpreserved and without merit.  McGraw, 836 N.Y.S.2d at 37. When a state court reaches the merits of a federal law claim as

an alternative holding, it is entitled to AEDPA deference. See Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006).

In Apprendi, the Supreme Court held that a court-imposed sentence enhancement based on a prior conviction is constitutional. Apprendi, 530 U.S. at 490. Further, in Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010), cert. denied, 131 S. Ct. 1693 (2011), the Second Circuit held that state court decisions affirming convictions under New York's persistent felony offender statute, New York Penal Law § 70.10, were not unreasonable applications of clearly established Supreme Court precedent.[2] Similarly, McGraw has not shown that the state court decision rejecting his constitutional challenge to his sentence was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Accordingly, this claim is denied.

---

[2] Unlike the Portalatin petitioners, McGraw was sentenced under § 70.08, New York's persistent violent felony offender statute. Nevertheless, the reasoning in Portalatin is controlling since under both New York Penal Law §§ 70.08 and 70.10, a sentence enhancement is based on prior felony convictions without additional judicial fact-finding.

II.  Bolstering

The petition complains that the trial court improperly permitted four eyewitnesses to testify that they previously identified McGraw in a lineup and at his first trial, and that the trial court improperly allowed a police detective to testify that a surveillance photograph of the robber resembled a photograph of McGraw.  The Appellate Division dismissed McGraw's evidentiary claims as unpreserved but indicated that if it were to review them, it would reject them.  McGraw, 836 N.Y.S.2d at 37.

In general, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord DiGuglielmo v. Smith, 366 F.3d 130, 137 (2d Cir. 2004).  Thus, to prevail on a habeas petition based on an alleged state evidentiary error, McGraw must show that the alleged error was "of constitutional dimension" and deprived him of "fundamental fairness."  Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988); accord Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004) ("Even erroneous evidentiary rulings warrant a writ of habeas corpus only where the petitioner can show that the error deprived him of a fundamentally fair trial.") (citation omitted).  For an error to rise to this level, the evidence

"must have been sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."  Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (citation omitted).  In assessing materiality, the court must view the evidence "objectively in light of the entire record before the jury."  Id.

McGraw has not shown that the state court erred in admitting testimony from the eyewitnesses about their prior identifications of McGraw.  Under New York law, "prior identification evidence is admissible on the People's case-in-chief, notwithstanding its bolstering effect on the witness's in-court testimony."  People v. White, 73 N.Y.2d 468, 473 (1989) (citing New York Crim. Proc. Law § 60.30).  Similarly, McGraw has failed to show any error in the admission of a police detective's testimony about his use of the surveillance footage and a photograph of McGraw to identify a suspect and locate McGraw.  The trial court gave a proper limiting instruction to the jurors, explaining that the testimony was relevant only to explain why the detective took subsequent actions in his investigation.  Because McGraw has not shown that the state court decision rejecting his evidentiary claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States," 28 U.S.C. § 2254(d)(1), this claim is denied.

III. Legal Sufficiency of the Evidence

The Report construes McGraw's third claim as a challenge to the legal sufficiency of the trial evidence and properly concludes that it lacks merit. The Appellate Division rejected McGraw's weight of the evidence challenge on the merits. McGraw, 836 N.Y.S.2d at 36.

A § 2254 petitioner is "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). A reviewing court must view the evidence in the light most favorable to the prosecution and draw all permissible inferences in its favor. Id. at 326.

Here, three eyewitnesses to the robbery and an elevator operator identified McGraw. Thus, McGraw has not shown that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" on the basis of the evidence adduced at trial. Id. at 324. Moreover, McGraw has not shown that the state court decision rejecting this claim on the merits was "contrary to, or

involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1).

IV.  Ineffectiveness of First Counsel

McGraw contends that his first attorney, Apfelbaum, rendered ineffective assistance by failing to request a Dunaway hearing and by seeking to withdraw from the case before the first trial commenced, thereby making himself available as a prosecution witness with respect to the conflicting alibis given by McGraw.  McGraw asserted the first claim in his § 440.10 motion and the trial court denied it on procedural grounds; McGraw asserted the second claim on direct appeal and the Appellate Division rejected it on the merits.  McGraw, 836 N.Y.S.2d at 37.

The standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984), constitutes "clearly established law" under AEDPA.  Davis v. Greiner, 428 F.3d 81, 87 n.5 (2d Cir. 2005).  Under Strickland's two-prong test, a defendant must show that his counsel's performance was deficient and that his defense was prejudiced as a result.  Strickland, 466 U.S. at 687; accord Morales v. United States, 635 F.3d 39, 43 (2d Cir. 2011).  An attorney's representation is deficient when it falls "below an objective

standard of reasonableness," as determined by reference to "prevailing professional norms."  Strickland, 466 U.S. at 687-88.

The Report properly concludes that Apfelbaum's failure to make a Dunaway motion did not prejudice McGraw.  Even if Apfelbaum had made a Dunaway motion, it would have been denied since the police detectives investigating the robbery had probable cause to arrest McGraw.  Further, McGraw has not shown that Apfelbaum did anything objectively unreasonable when he sought to withdraw from the case after receiving notice that he could be called as a rebuttal witness by the prosecution.  The Appellate Division stated that Apfelbaum was ethically bound to withdraw after receiving such notice.  Given this record, as the Report correctly observes, there is no basis to conclude that the state courts' denial of McGraw's ineffective assistance claims against Apfelbaum was an unreasonable application of the Strickland standard.  McGraw does not offer any new arguments in his June 24 objections.  Accordingly, the Report's finding is adopted and this claim is denied.

McGraw raises two claims for the first time in his reply to the respondent's opposition:  he contends that Apfelbaum was ineffective because he did not attempt to secure the suppression of the initial lineup and because he failed to file an alibi

notice for McGraw's Manhattan alibi.  McGraw never asserted these claims on direct appeal or as part of his § 440.10 motion and has therefore failed to exhaust state remedies.  Were McGraw to present these new claims to the state court, however, they would be procedurally barred because he failed to raise them in his original § 440.10 motion.  See N.Y. Crim. Proc. Law § 440.10(3)(c) (providing for dismissal of § 440 motion where, in a prior § 440 motion, the defendant "was in a position adequately to raise the ground or issue underlying the present motion but did not do so").  The Second Circuit has held that

> [i]f a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we must deem the claim procedurally defaulted.  [A] dismissal of an application for habeas relief on the ground of procedural default amounts to a disposition of the habeas claim on the merits.  An applicant seeking habeas relief may escape dismissal on the merits of a procedurally defaulted claim only by demonstrating cause for the default and prejudice or by showing that he is actually innocent of the crime for which he was convicted.

Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (citation omitted).

McGraw has failed to demonstrate that he was prejudiced by counsel's allegedly ineffective assistance.  McGraw summarily states that the lineup occurred under "suggestive" circumstances, but does not further explain how the lineup was

14

improper.  As for counsel's failure to file an alibi notice, the Appellate Division has held that while a withdrawn notice of alibi cannot be used to impeach a defendant at trial, statements made by counsel during a bail application can properly be used to impeach the defendant.  People v. Johnson, 847 N.Y.S.2d 74, 76-77 (1st Dept. 2007); see also N.Y. Crim. Proc. Law § 250.20 (governing notice of alibi).  Thus, Apfelbaum's failure to file an alibi notice did not affect the prosecution's ability to call Apfelbaum as an impeachment witness at trial.  Accordingly, these claims are also denied.


V.   Ineffectiveness of Second Counsel

McGraw's claim that his second attorney, Martin, rendered ineffective assistance by failing to further pursue a Batson challenge that the trial court rejected during the jury selection at McGraw's second trial, is procedurally barred from habeas review.  McGraw asserted this claim in his § 440.10 motion and the trial court denied it on procedural grounds.

"Federal courts considering habeas corpus petitions are generally barred from reviewing the decisions of state courts insofar as those decisions are predicated on adequate and independent state procedural grounds."  Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006).  Here, the trial court offered two

15

procedural grounds for denying McGraw's § 440.10 motion: (1) that McGraw's claims were not raised as part of his appeal to the Appellate Division, as required by § 440.10(2)(c); and (2) that McGraw had not met the due diligence standard pursuant to § 440.10(3)(a) because he waited three years to bring his motion and offered no explanation for the delay. These procedural grounds bar review of McGraw's Batson claim. In any event, if a review of the merits of the claim were appropriate, it would be denied for the reasons stated in the Report.

VI.  Improper Admission of Apfelbaum's Testimony

The petition complains that the prosecution improperly called Apfelbaum to testify as to McGraw's initial alibi, which was inconsistent with McGraw's Philadelphia alibi presented at trial. The Appellate Division rejected this claim on the merits. McGraw, 836 N.Y.S.2d at 37.

The standard for a habeas court's review of an alleged state evidentiary error is discussed above. McGraw has not demonstrated that the receipt of Apfelbaum's testimony was improper. The Appellate Division explained that it was admissible at trial as an admission against a party opponent. Id. In any event, McGraw has not shown that the state court decision was "contrary to, or involved an unreasonable

16

application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). This claim is denied.

## CONCLUSION

The petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. McGraw has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         July 22, 2011

                                    _____
                                            DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Robert McGraw
04-A-5885
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Ashlyn Dannelly
Thomas B. Litsky
New York State Attorney General's Office
120 Broadway
New York, NY 10271